UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS M. G. R.,<br>            Plaintiff,<br>v.<br>KILOLO KIJAKAZI,<br>            Defendant. | Case No. 19-cv-07426-DMR<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 28, 32 |

Plaintiff Jesus M. G. R. moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Plaintiff not disabled and therefore denied Plaintiff's application for benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 401 et seq. [Docket No. 28.] The Commissioner cross-moves to affirm. [Docket No. 32.] For the reasons stated below, the court grants Plaintiff's motion in part, denies the Commissioner's motion, and remands this matter for further proceedings.

## I.  PROCEDURAL HISTORY

Plaintiff filed applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits on June 20, 2016, alleging disability beginning January 2, 2009. Administrative Record ("A.R.") 329-339. The applications were initially denied on October 14, 2016 and again on reconsideration on January 17, 2017. A.R. 231-239, 244-253. An Administrative Law Judge ("ALJ") held hearings on March 13, 2018 and July 10, 2018 and issued an unfavorable decision on October 19, 2018. A.R. 56-69. The ALJ determined that Plaintiff has the following severe impairments: major depressive disorder, unspecified anxiety disorder, and borderline intellectual functioning. A.R. 62. The ALJ found that Plaintiff retains the following residual functional capacity (RFC):

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to performing simple, routine, and repetitive tasks. He can work at a consistent pace throughout the workday, but not at a production rate or pace. With respect to concentration, persistence, and pace, the claimant will likely be off task less than 10% of an 8-hour workday.

A.R. 64.

Relying on the opinion of a vocational expert ("V.E.") who testified that an individual with such an RFC could perform other jobs existing in the economy, including bagger, packager, and sandwich maker, the ALJ concluded that Plaintiff is not disabled.

After the Appeals Council denied review, Plaintiff sought review in this court pursuant to 42 U.S.C. § 405(g).

## II. ISSUES FOR REVIEW

1. Did the Appeals Council improperly reject evidence submitted after the ALJ rendered the decision?
2. Did the ALJ err in evaluating the medical evidence?
3. Did the ALJ err in assessing the severity of Plaintiff's physical impairments?
4. Are the ALJ's medical equivalence findings based on substantial evidence?
5. Did the ALJ err in evaluating Plaintiff's credibility?
6. Is the ALJ's RFC finding based on substantial evidence?
7. Is the ALJ's finding that Plaintiff is able to communicate in English supported by substantial evidence?

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a mere scintilla, but less than a

preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

## IV. DISCUSSION

The ALJ issued his decision on October 19, 2018, concluding that Plaintiff was not disabled from January 2, 2009 through the date of the decision. A.R. 56, 69. Plaintiff asked the Appeals Council to review the ALJ's decision and submitted new evidence in support of his claim. The evidence consisted of records from Washington Hospital Healthcare System dated March 30, 2016 to July 9, 2018, A.R. 75-126 ("Washington Hospital records"), and Alameda Health System, Newark Wellness Center, dated November 28, 2018 to January 5, 2019, A.R. 11-55 ("Newark Wellness records").

The Appeals Council denied Plaintiff's request for review. In so doing, it rejected the Washington Hospital records and the Newark Wellness records:

> You submitted medical records from Washington Hospital Healthcare System dated March 30, 2016 to July 9, 2018 (52 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You submitted medical records from Newark Wellness dated November 28, 2018 to January 5, 2019 (45 pages). The Administrative Law Judge decided your case through October 19, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 19, 2018.

A.R. 2.

3

Plaintiff argues that the Appeals Council erred when it denied Plaintiff's request for review based on its rejection of this evidence. Mot. 7-10.

Social Security regulations provide that the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5) (applicable to applications for SSI benefits); 20 C.F.R. § 404.970(a)(5) (applicable to applications for SSDI benefits). "Evidence is new if it is not duplicative or cumulative" and if it was "not available when the ALJ made their decision." *Baker v. Colvin*, No. 16-CV-00771-EMC, 2016 WL 5869944, at *3 (N.D. Cal. Oct. 7, 2016) (citing *Meyer v. Astrue*, 662 F.3d 700, 704-05 (4th Cir. 2011), and *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003)). To be material, "the new evidence must bear directly and substantially on the matter in dispute." The claimant must also "demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome" of the disability determination. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citation and quotation marks omitted).

### A. Washington Hospital Records

The Washington Hospital records document three visits to the emergency department on March 30, 2016, May 1, 2016, and July 9, 2016. A.R. 75-126. On March 30, 2016, Plaintiff was taken by ambulance to the emergency department after becoming "dizzy and sleepy" while riding a bus. A.R. 76-81, 100-103, 117-121. Next, Plaintiff went to the emergency department on May 1, 2016 after experiencing "1 week of intermittent chest pain" and intermittent chronic back pain. A.R. 81-94, 103-09, 111-17, 121-24. Finally, Plaintiff went to the emergency department on July 9, 2018 presenting with heart palpitations and associated dizziness. A.R. 94-100, 109-11, 124-26.

The Commissioner does not dispute that the Washington Hospital records are "new, material, and relate[ ] to the period on or before the date of the hearing decision," even though the record before the ALJ contains some documents relating to Plaintiff's March 2016 and May 2016 emergency room visits. *See* A.R. 513-519, 532-574. Instead, the Commissioner argues, without reference to the regulations or applicable standards, that the new evidence "did not affect the

4

1    ALJ's decision" because the records show that Plaintiff "remained largely normal on physical and
2    psychiatric examinations and diagnostic testing." Opp'n 8-9 (citing A.R. 77-78, 83-89, 92-93, 96,
3    112-13, 115-17). That is the full extent of the Commissioner's argument on this point.

4    The court finds that the Washington Hospital records are material and that there is a
5    reasonable possibility that the inclusion of the records would have changed the outcome of the
6    disability determination. The record is replete with references to Plaintiff's complaints about
7    dizziness and back pain. *See, e.g.*, 470, 587, 603, 621, 629, 641, 718, 749, 834-35, 887
8    (dizziness), 477, 661, 747, 755, 842, 844, 854, 895, 960, 964, 971 (back pain). The Washington
9    Hospital evidence documents those conditions and symptoms. For example, records from the
10   March 2016 visit note Plaintiff's diagnosis of chronic back pain, and indicate that he was
11   discharged from the hospital with a prescription for meclizine for dizziness. A.R. 76, 81. In
12   connection with the May 2016 emergency department visit, the hospital admitted Plaintiff
13   overnight for tests after he became dizzy during an attempted stress echo test. A.R. 93. At his
14   discharge a day later, Geeta R. Singh, M.D. diagnosed him with atypical chest pain; anxiety;
15   possible gastroesophageal reflux disease; chronic back pain; and depression. A.R. 93. Plaintiff's
16   visit to the Washington Hospital emergency department in July 2018 was for heart palpitations
17   and associated dizziness. The Washington Hospital records show that Plaintiff experienced
18   symptoms associated with his physical impairments, including dizziness; that he was prescribed
19   medication to treat his dizziness; and that on at least one occasion the symptoms were severe
20   enough to warrant admission. They also indicate that Plaintiff received related diagnoses.[1]
21   However, the ALJ's decision does not address the severity of Plaintiff's physical impairments,
22   including dizziness, back pain, and chest pains, and the ALJ's RFC finding contains no exertional

---

[1] These diagnoses are consistent with those given by examining physician Emily Cohen, M.D., who diagnosed Plaintiff with "chronic, intermittent, thoracic back pain with mild kyphosis" and "chronic intermittent dizziness of unclear etiology," as well as the observation of Robert Tang, M.D., that Plaintiff has "chronic non true vertigo." A.R. 581, 964. The ALJ found that Cohen's opinion about Plaintiff's functional limitations was entitled to "little weight," but did not address her diagnoses. The ALJ gave Tang's opinions about Plaintiff's functional limitations "little weight" but did not address the opinion about chronic non true vertigo.

limitations. *See* A.R. 64.[2]

The Washington Hospital records are material to the issue of Plaintiff's physical limitations, and their inclusion could have changed the outcome of the disability determination to the extent they bear on those limitations. Specifically, the Washington Hospital records bear on the issue of whether any of Plaintiff's physical impairments, including dizziness, back pain, and chest pains, are "severe." *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("[a]n impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." (quotation marks and citations omitted)). Further, a finding regarding the severity of Plaintiff's physical impairments could impact the ALJ's assessment of Plaintiff's RFC, because when assessing a claimant's RFC, an ALJ must consider *all* of the claimant's medically determinable impairments, both severe and non-severe. 20 C.F.R. §§ 416.920(e), 416.945; *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *see also* SSR 96-8p, 1996 WL 374184, at *5 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments [because] limitations due to such a 'not severe' impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do."). Accordingly, the Appeals Council committed legal error with respect to the Washington Hospital records.

### B. Newark Wellness Records

The Newark Wellness records are dated November 28, 2018 through January 25, 2019. They document eight office visits, including notes from four individual psychotherapy sessions and one psychiatric diagnosis evaluation. A.R. 11-55. The records reflect treatment for anxiety and adjustment disorder with depressed mood. *See id*. The Appeals Council concluded that this evidence "does not relate to the period at issue," which was on or before the date of the ALJ's decision on October 19, 2018, presumably because the records postdate that decision. A.R. 2.

---

[2] Plaintiff listed depression and dizziness as the conditions that limit his ability to work in his disability report. A.R. 364.

"[E]vidence dated *after* an ALJ's decision can still be related to the period *before* the ALJ's decision." *Baker*, 2016 WL 5869944, at *4 (emphasis in original) (collecting cases). This includes records addressing treatment for "the same kinds of impairments for which [a claimant] was treated before the ALJ's decision" and treatment for ongoing impairments. *See id*. at *5 (concluding that treatment records for mental health conditions that post-dated the ALJ's decision were related to the period before the decision, even though the providers had not treated the plaintiff before the decision); *see also Bazan v. Berryhill*, No. 18-CV-01224-KAW, 2019 WL 4751874, at *7 (N.D. Cal. Sept. 30, 2019) (finding that treating physician's supplemental report dated three months after the ALJ's decision related to the period before the hearing decision where the report addressed earlier treatment notes).

Plaintiff argues that the Newark Wellness records are relevant to the period before the hearing decision because they "relate[ ] to the very reasons Plaintiff applied for disability benefits at the outset," that is, his mental health. *See* Mot. 9-10. The Commissioner does not respond to this argument and thus concedes it. Opp'n 8-9 (citing Washington Hospital records).

The court agrees with Plaintiff that the evidence relates to the period before the ALJ's decision, even though it post-dates the decision. This is because the records discuss depression and anxiety, mental health conditions that were diagnosed before the hearing date. They also document related symptoms, including anxious and fearful thoughts, depressed mood, difficulty concentrating, excessive worry and restlessness, muscle shakes, crying, and panic attacks, (*see* 18, 26, 30-31, 36, 45), that are similar to symptoms observed prior to the ALJ's decision. *See, e.g.*, 471, 629, 644, 656, 666, 671, 695, 707, 718, 772, 788, 805, 834, 879, 887, 922. Additionally, Plaintiff received treated from Newark Wellness for his mental health from 2013 through 2017. A.R. 608-734, 735-959. Therefore, the new Newark Wellness records show ongoing treatment for Plaintiff's mental health conditions.

Moreover, the records are material and there is a reasonable possibility that inclusion of the records would have changed the outcome of the disability determination because they bear on the severity of Plaintiff's mental health conditions and their impact on his functioning. They are relevant to the ALJ's assessment of the opinion of examining physician Lesleigh Franklin, Ph.D.,

7

who opined that Plaintiff has several marked limitations due to his mental health conditions. *See* A.R. 965-69. The ALJ assigned "little weight" to Dr. Franklin's opinion. A.R. 66. Additionally, the Newark Wellness records are relevant to the ALJ's credibility finding, since the ALJ concluded that Plaintiff was not entirely credible regarding the limiting effect of his mental health symptoms in part because "the medical evidence fails to show that the claimant has ever been . . . seen by a therapist as a result of his mental conditions[.]" A.R. 65. As noted, the Newark Wellness records document several psychotherapy sessions.[3] The court concludes that the Appeals Council committed legal error with respect to the Newark Wellness records.

In sum, the Appeals Council should have considered the newly submitted Washington Hospital and Newark Wellness records. Consideration of these records could impact other aspects of the ALJ's decision, such as evaluation of the medical opinion evidence; determination of the severity of all of Plaintiff's impairments, mental and physical; evaluation of Plaintiff's credibility; medical equivalence findings, and the RFC assessment. Accordingly, the court does not reach Plaintiff's remaining challenges to the ALJ's opinion and remands the case for further proceedings consistent with this opinion. On remand, the ALJ shall re-evaluate these issues in light of the new evidence.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted in part. The Commissioner's motion is denied. This matter is remanded for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: September 17, 2021

 Donna M. Ryu
 United States Magistrate Judge

---

[3] The court notes that the record before the ALJ also documented at least two other psychotherapy sessions. A.R. 671, 879.

8